## Thomas Bradley, indorsee of John Flowers, plaintiff in error *against* John Flowers.

Court will not presume any thing against a judgment. A suit may lie by an indorser against his indorsee, upon a special guaranty.

ERROR to the Common Pleas of Philadelphia county. It appeared by the record, that the suit had originated before Abraham Shoemaker, esq. one of the city aldermen, by a summons tested the 2d April 1805, returnable on the 9th April, John Flowers v. Thomas Bradley, indorsee of John Flowers, and that judgment had been entered by default for the plaintiff below, for $32.78 cents debt and 50 cents costs. On the 29th April, the defendant claimed the benefit of his freehold, and obtained it. A promissory note was annexed to the record, dated 17th March 1800, whereby one George Ansby, promised to pay to John Flowers or order $30 in 90 days from the date, which contain-

[Duane *v.* Miercken.]

ed the indorsements of Thomas Bradley and John Flowers thereon ; and also a protest for non-payment by Ansby.

Mr. Meredith, for the plaintiff in error. The suit was brought before the alderman by Flowers, the payee of the note, against Bradley, his own indorsee. What kind of suit will lie by an indorser against his indorsee ?

Mr. Todd, for the defendant. Such a suit in general will not lie; but under special circumstances it might be supported, as in the case in 4 Term Rep. . . . . There might have been a special guaranty, under faith whereof, the note might have been originally accepted. This would seem to be the case here, by the name of Bradley, being first indorsed on the promissory note ; and the payee might have indorsed it over to him, to make the most of it.

*Per Cur.* The note and protest have been annexed to the record, but we can only form a conjecture of what was the real ground of action before the alderman. Here it is possible, that by a particular guaranty, Bradley to whom it has been indorsed, might have been responsible for the amount of the note ; and we are not to presume any thing against a judgment. We do not incline to set aside judgments, unless for manifest error. Bradley, *has also acquiesced in the judgment, by praying the *437] benefit of his freehold. If injustice had been done him, he might have had his remedy on an appeal, upon the merits.

Judgment affirmed.

Cited in 10 Watts 103 in support of the decision that the validity of a judgment of a justice of the peace cannot be controverted, in a collateral proceeding, by a stranger to it.